**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**JOHN CRAIG HAYNES,**                    :

                    **Plaintiff**              :         **CIVIL ACTION NO. 3:18-01837**

          **v.**                    :              **(JUDGE MANNION)**

**JOHN WETZEL,** *et al.*,              :

          **Defendants**              :

**MEMORANDUM**

Before the court is *pro se* plaintiff John Craig Haynes's ("plaintiff")

motion for reconsideration. (Doc 56). For the following reasons, the

plaintiff's motion will be DENIED.


**I. Background**[1]

Plaintiff, an inmate incarcerated at the State Correctional Institute at

Dallas during the relevant times, transferred this action from the Court of

Common Pleas of Luzerne County, Pennsylvania to this court on July 20,

2018. (Doc. 1). We referred this case to Magistrate Judge Susan E.

---

[1] Since the background of this case is stated in Judge Schwab's prior
report and recommendations, it is not fully repeated herein. *See, e.g.*, Docs.
51 & 54.

Schwab. On October 1, 2019, the plaintiff filed an amended complaint which alleged that defendants John Wetzel, Lea Martin and two John Does ("defendants") were deliberately indifferent to his serious medical needs and that the conditions of his confinement constituted cruel and unusual punishment. (Doc. 34).

On December 10, 2019, defendants moved to dismiss plaintiff's amended complaint, to which the plaintiff filed a brief in opposition. (Docs. 40, 41). By a report and recommendation dated September 1, 2020, Judge Schwab recommended that the amended complaint be dismissed without prejudice. (Doc. 51). On October 15, 2020, this court adopted Judge Schwab's recommendation and permitted the plaintiff until October 30, 2020 to file a second amended complaint. (Doc. 53).

Over seven months later, recognizing that the plaintiff has "failed to file a second amended complaint and has not otherwise been in contact with the court," Judge Schwab filed a report and recommendation dated June 7, 2021 advising that this court dismiss plaintiff's amended complaint under Fed.R.Civ.P. 41(b). (*See* Doc. 54 at 1). The plaintiff did not file an objection to the report. On June 24, 2021, this court issued an order

adopting Judge Schwab's report, dismissing the second amended complaint in pursuant to Fed.R.Civ.P. 41(b). (Doc. 55).

On July 9, 2021, the plaintiff filed a motion for reconsideration wherein he requests that he be granted 60 additional days to file a second amended complaint. (Doc 56).


## II. Standard of Review

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (*quoting Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *Chesapeake Appalachia, LLC v. Scott Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (Generally, reconsideration

3

motions should be granted sparingly.). "The standard for granting a motion for reconsideration is a stringent one ... [A] mere disagreement with the court does not translate into a clear error of law." *Chesapeake Appalachia, LLC*, 73 F. Supp. 3d at 491 (*quoting Mpala v. Smith*, 2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007)*, aff'd*, 241 Fed.Appx. 3 (3d Cir. 2007)) (alteration in original).

## IV.  **Discussion**

The burden for reconsideration is on the moving party and the plaintiff does not demonstrate that any of the three grounds exist in his case which are required for the court to grant reconsideration.

In his motion for reconsideration, the plaintiff avers having responded to Judge Schwab's June 7, 2021 report and recommendation "via handwritten notice to the court of his desire to further litigate this matter on the date of 6/14/21." (*See* Doc. 56 at 1). Furthermore, he requests that the court grant him an additional 60 days to file an amended complaint as his prison facility's COVID-19 quarantine rules "have hampered his efforts at effecting said amended petition as requested by the courts." *Id*. at 2.

4

This court has never received the plaintiff's alleged handwritten notice dated June 14, 2021. Further, the plaintiff does not describe the contents of the alleged notice, beyond indicating that it had stated his intent to further litigate this action. Even if the court were to presume that the alleged notice constituted a timely objection to Judge Schwab's June 7, 2021 report and recommendation, the notice would not justify a reconsideration of the court's decision as the plaintiff fails to identify any basis for his objection in accordance with the Local Rules. *See* M.D.Pa. Local Rule 72.3 (a party wishing to appeal a magistrate judge's recommendations "shall file with the clerk of court…written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.").

Further, having reviewed plaintiff's motion for reconsideration, the court does not find that reconsideration of our June 24, 2021 Order is warranted. Judge Schwab and this court considered the merits of the plaintiff's case and dismissed the amended complaint for failure to state a claim upon which relief can be granted. (Docs. 51, 53). Further, upon

5

considering each of the *Poulis* factors, Judge Schwab and this court concluded that dismissal was warranted. (Docs. 54, 55).

While the plaintiff suggests he can prove his claims if he were granted leave to file a second amended complaint, he has failed to assert any additional allegation in support of his claims. Moreover, none of his averments warrant reconsideration of our earlier findings.[2] The plaintiff's dissatisfaction with the result of the court's June 24, 2021 Order "is an insufficient basis to grant [him] relief." *See Kropa v. Cabot Oil & Gas Corp.,* 716 F.Supp.2d 375, 378 (M.D. Pa. 2010) (*citing Ogden v. Keystone Residence,* 226 F.Supp.2d 588, 606 (M.D. Pa. 2002)); *Continental Casualty Co. v. Diversified Indus., Inc.,* 884 F.Supp. 937, 943

---

[2] In his motion for reconsideration, the plaintiff argues that his correctional facility's COVID-19 quarantine restrictions have hampered his efforts to file a timely second amended complaint as they have, for the past 16 months, limited his access to the facility's law library and phones. (Doc. 56). However, despite the existence of such restrictions, the plaintiff was able to file a timely objection to Judge Schwab's September 1, 2020 report and recommendation. (Doc. 52).

Thus, we are unpersuaded that justice so requires an extension of time to file a second amended complaint, as requested by the plaintiff over seven months past the filing deadline set by this court. *See Fraser v. .Nationwide Mut. Ins. Co.,* 352 F.3d 10, *116 (3d Cir. 2003) (it is within the district court's discretion to deny a request to amend a complaint if "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives….or (3) the amendment would prejudice the other party").

(E.D.Pa.1995) ("Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly").

## V. **Conclusion**

Accordingly, the plaintiff's motion for reconsideration, (Doc. 56), will be **DENIED**. A separate Order shall issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 10, 2022**
18-1837-01

7